132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Juan Raul PORTILLO, Defendant-Appellant.
 No. 96-30319.
 United States Court of Appeals, Ninth Circuit.
 Dec. 9, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington Justin L. Quackenbush, Senior District Judge, Presiding Submitted December 2, 1997** Seattle, Washington
 Before: REAVLEY,*** BOOCHEVER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We generally review a district court's conclusion that an individual was an "organizer, leader, manager, or supervisor," for purposes of an enhancement under U.S.S.G. § 3B1.1, for clear error. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990).
 
 
 3
 Portillo argues that an unknown person, not yet identified by the government, was the true organizer of the abduction. Under U.S.S.G § 3B1.1, however, there may be more than one leader or organizer. United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991). Nor must Portillo have been at the top of the hierarchy; the enhancement is proper even if he was only a lieutenant, responsible for recruiting and supervising the abductors, and trusted to deliver the proceeds to an unidentified kingpin. Enhancement is permissible where a defendant, in addition to other things, exercised authority over at least one other person. United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993). Even if Portillo was second in command, taking his directions from someone else, this court has held that "[n]othing in the language of the guideline ... limits imposition of this enhancement to the participant who was most in control." United States v. Alonso, 48 F.3d 1536, 1545 (9th Cir.1995).
 
 
 4
 The district court found that Portillo "recruited at least Mr. Gaeta." Based on this finding, the district court could properly have found that Portillo "was, in fact, an organizer, leader, manager or supervisor." Mr. Gaeta also stated that Portillo, paid him $500 for his role in the crime, and had for months been trying to recruit him and others to abduct Mr. Tucker. This evidence supports the court's conclusion that Gaeta was under Mr. Portillo's control.
 
 
 5
 Portillo was caught with the "lion's share" of the ransom. This court, and the guidelines, make it clear that receipt of the bulk of the fruits of a crime is evidence of a leadership role. United States v. Avila, 95 F.3d 887, 891 (9th Cir.1996); see also United States v. Roberts, 5 F.3d 365, 371 (9th Cir.1993) (upholding an enhancement in part because the defendant "stood to profit the most from the transaction"). Portillo was apprehended with about $220,000 in his car. By comparison, Gaeta contended that Portillo paid him $500.
 
 
 6
 Portillo suggests that he was caught before he could deliver the ransom money to the real kingpin of the operation. Even if Portillo planned to deliver the ransom to someone else, the fact that he was trusted with sole possession of the ransom is evidence of his leadership role. In United States v. Farrell, 893 F.2d 690, 692 (5th Cir.1990), the defendant was found to be a leader in a drug ring in part because he was "left in charge of the money---an action indicating a leadership role."
 
 
 7
 Portillo relies upon Application Note 4's instruction that the "adjustment does not apply to a defendant who merely suggests committing the offense." U.S.S.G. § 3B1.1, Application Note 4 (1995). However, Portillo admits to facts indicating that his role went beyond merely suggesting the kidnaping. The district court found that Portillo recruited others to assist him, telephoned the ransom demand, was present at the exchange, and was caught with almost ninety percent of the loot.
 
 
 8
 Finally, Portillo contends that the crime lacked an organizer because it was poorly executed. Poor planning is not the same as no planning at all. Because sufficient evidence supports the district court's finding that Portillo was "an organizer, leader, manager, or supervisor in [the] criminal activity" pursuant to Guideline § 3B1.1(c), we AFFIRM the sentence.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3